IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>SHARON A. ELDER;<br><br>        Defendants. | 4:15CR3091<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Defendant Sharon Elder's Motion to Sever her trial from that of her co-defendants. ([Filing No. 89](#)). For the reasons set forth below the motion will be denied.

## BACKGROUND

      Elder and co-defendants Allen Peithman, Jacie Sanne, Cornerstone Plaza Inc., and AEP Properties L.L.C. are charged with conspiracy to distribute controlled substances in violation of [Title 21, USC §§ 841(a)(1),](#) [841(b)(1),](#) and [846](#). Defendant Sanne has pleaded guilty to the charges filed against her and will not be a part of the trial. This case has been pending since August of 2015 and is currently set for a four-week jury trial to begin on August 1, 2016.

## LEGAL ANAYLSIS

      Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. [U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)](#); [United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003)](#). But even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, a judge

may order severance if joinder at trial will prejudice the defendant. Lewis, 557 F.3d at 609; United States v. Wadena, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14.

When defendants are properly joined, a strong presumption exists in favor of trying the defendants together because a joint trial affords the jury the best perspective on all of the evidence, thereby increasing the likelihood of a correct outcome. Lewis, 557 F.3d at 6099. This presumption can only be overcome if the prejudice is "severe or compelling." United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir.2008). The defendant seeking severance carries a heavy burden and "must show 'real prejudice,' that is, 'something more than the mere fact that [s]he would have had a better chance for acquittal had [s]he been tried separately.'" United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004)) (quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993) (citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988)).

In her motion to sever, Elder argues "[a] fair trial cannot be had without severance." (Filing No. 89 at CM/ECF p. 4). Elder asserts her co-defendants "may have given statements which either directly or indirectly incriminate [her]," (Id. at CM/ECF p. 3), and admission of those potential statements at a joint trial will prejudice Elder and create a problem under Bruton v. United States, 391 U.S. 123 (1968). (Id. at CM/ECF pp. 3–4).

2

Under Bruton, where one codefendant implicates another codefendant in a pretrial confession and that confession is admissible at trial, the codefendants' trials must be severed.

> However, "[i]f a codefendant's confession does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the confession." Flaherty, 76 F.3d at 972 (citing Richardson v. Marsh, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987)). Furthermore, Bruton does not apply at all when a codefendant's statements do not incriminate the defendant either on their face or when considered with other evidence. Escobar, 50 F.3d at 1422.

United States v. Melina, 101 F.3d 567, 569-70 (8th Cir. 1996) (abrogated on other grounds).

Elder asserts it is very likely that the government will try to introduce one or more of the codefendants' statements against her at trial. However, Elder raises only a conclusory allegation that the codefendants' statements will either directly or indirectly incriminate her. She does not describe those alleged statements and cannot even state with certainty that such statements exist.[1] This court cannot find severance is necessary under Bruton absent evidence that a codefendant's statements will incriminate Elder.

Elder further argues that the codefendants will rely on mutually exclusive and antagonistic defenses, they will likely incriminate each other at every opportunity, (filing no. 89 at CM/ECF p. 3), and many of the government's exhibits will be admissible against her co-defendants but not her. (Id. at CM/ECF p. 4). She argues the jury will be unable to make an individualized determination as to each defendant due to the sheer volume of exhibits. (Id.)

---

[1] "Ms. Elder is aware that some of these co-defendants may have given statements which directly or indirectly incriminate Ms. Elder." (Filing No. 89 at CM/ECF p. 2) (emphasis added).

Elder does not explain what defenses will be advanced by any of the co-defendants, and she does not identify the evidence which will be received but inadmissible against her personally. She has presented no evidence that a jury will be unable to compartmentalize the evidence, by defendant, or that a limiting instruction would be insufficient. Each argument advanced by Elder provides little more than speculation of potential prejudice. Elder has failed to show she would be subject to real prejudiced if tried jointly with the codefendants, and has failed to meet the high standard required for severance.

IT IS THEREBY ORDERED:

1) Defendant's Motion to Sever, ([filing no. 89](filing no. 89)), is denied.

2) The trial of this case remains set to commence before the Honorable Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on August 1, 2016.

Dated this 7th day of June, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge